IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LOURIE JEFFERSON (f/k/a BROWN)
and MONIQUE BROWN,

    Plaintiffs,

v.                                               Civil Action No. 5:13CV59
                                                          (STAMP)
QUICKEN LOANS, INC.,

    Defendant.


**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND**

I.   Background

The plaintiffs filed this action in the Circuit Court of Ohio County, West Virginia against defendant Quicken Loans, Inc. alleging violations of the West Virginia Consumer Credit Protection Act ("WVCCPA"), W. Va. Code § 46A-1-101 et seq., due to several instances of allegedly improper debt collection practices and direct contact with the plaintiffs. On May 1, 2013, the defendant filed a timely notice of removal in this Court, claiming diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

The defendant supports its claim of diversity jurisdiction by arguing that complete diversity exists[1] and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, by

---

[1] It seems to be agreed that complete diversity exists in this case. The plaintiffs are residents of West Virginia and defendant Quicken Loans, Inc. is a Michigan corporation with its principal place of business in Michigan.

combining the maximum civil penalties with its estimate for reasonable attorney fees as permitted in consumer protection actions under West Virginia Code § 46A-5-104.[2]

The plaintiffs then filed a motion to remand. In this motion, the plaintiffs take issue with both the use of the maximum statutory penalty and the defendant's estimation of reasonable attorney fees in calculation of the amount in controversy. Plaintiffs suggest that because the award of civil penalties is discretionary, the defendant must produce further evidence in order to assert the maximum penalty as an estimate of the amount in controversy. Without such evidence, the plaintiffs argue that the minimum should be used to calculate the amount in controversy. Second, they claim that attorney fees are too speculative, both in award and in amount, and are given an arbitrary value for these calculations by the defendant.

The defendant filed a brief in response, which gave a more detailed explanation of its calculation of the maximum penalties, and reiterated the defendant's views on reasonable attorney fees by reference to other consumer protection cases. The plaintiffs' reply brief continued to dispute the defendant's figures and the law relied upon by the defendant. Having reviewed the parties'

---

[2]The defendant also mentioned in its notice of removal that actual damages were sought but because these damages were not estimated by either party, they do not help resolve the amount in controversy.

pleadings and the relevant law, this Court finds that the defendant has failed to meet its burden regarding the amount in controversy. For the following reasons, the plaintiffs' motion to remand must be granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## III. Discussion

The defendant used two types of damages, civil penalties and attorney fees, in its notice of removal in an attempt to reach the requisite $75,000.00 amount in controversy for diversity jurisdiction. The defendant proposes calculating the value of potential civil penalties by multiplying the number of statute

violations as stipulated by the plaintiffs[3] — twelve — by the maximum civil penalty allowed by the WVCCPA. After adjustment for inflation as provided by the statute, this maximum penalty appears to be nearly $4,600.00. This results in roughly $55,000.00 in civil penalties. With regard to attorney fees, the defendant claims that other WVCCPA cases have found $25,000.00 to be a reasonable amount. Accordingly, the defendant argues that $25,000.00 is an appropriate estimate for reasonable attorney fees in this case.

The plaintiffs in their motion to remand characterize the calculation of both figures as arbitrary and without support. Further, the plaintiffs argue that the statutory minimum civil penalty should be used, unless the defendant is willing to present evidence of its egregious behavior which would merit awarding the maximum penalty. Second, the plaintiffs argue that $25,000.00 is a speculative estimate and not consistent with actual case law.

A. Civil penalties

As a general rule, when there is a maximum penalty by statute, it is appropriate to measure the amount in controversy by the maximum and not by what the plaintiff is likely to win. See Brill v. Countrywide Home Loans Inc., 427 F.3d 446, 449 (7th Cir. 2005);

---

[3]This stipulation was only for the purposes of considering removal jurisdiction, but seems to contradict the fourteen items of correspondence attached to the complaint.

4

Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199 (9th Cir. 2008). This method of measuring amount in controversy is also the common practice in cases under the West Virginia Consumer Credit Protection Act which have been removed to federal court. See Knott v. HSBC Card Services Inc., No. 3:10CV82, 2010 WL 35522105 at *4 (N.D. W. Va. Sept. 8, 2010); Maxwell v. Wells Fargo Bank, N.A., No. 2:09-0500, 2009 WL 3293871 (S.D. W. Va. Oct. 9, 2009).

As the surrounding case law demonstrates, it is appropriate to use the statutory maximum in estimation of the amount in controversy. See e.g., Woodrum v. Mapother & Mapother P.S.C., Inc., No. 2:10-00478, 2010 WL 3943732 at *4 (W. Va. Oct. 5, 2010). Because the statutory maximum represents the amount in dispute between the parties, the Court accepts $55,000.00 as an appropriate estimate of the civil penalties portion of the amount in controversy.

B. Attorney fees

In actions under the WVCCPA, attorney fees may be awarded to the consumer, at the discretion of the court, for "illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice." W. Va. Code § 46A-5-104. Because the plaintiffs in this case can claim attorney fees under a state statute as a substantive right, attorney fees should be considered for the calculation of the amount in controversy. See McGraw v. Discover Financial Services, Inc., No. Civ.A. 2:050215, 2005 WL

5

1785259 at *6 (S.D. W. Va. July 26, 2005). Under West Virginia law, for certain types of conduct "the court may award all or a portion of the costs of litigation, including reasonable attorney fees," but is not required to do so. W. Va. Code § 46A-5-104 (emphasis added). Additionally, the West Virginia Supreme Court of Appeals held in Vanderbilt Mortgage and Finance, Inc. v. Cole that attorney fees are to be awarded consistent with the twelve factors enunciated in Aetna Cas. & Sur. Co. v. Pitrolo. Cole, 740 S.E.2d 562, 572 (W. Va. 2013) (citing Aetna, 342 S.E.2d 156, 191-92 (W. Va. 1986)).

However, the amount of attorney fees presented by the defendant here are speculative for several reasons and are therefore insufficient to make it "more likely than not" that the amount in controversy will exceed $75,000.00. Id. at *4. First, as stated above, even if the plaintiffs prove their claims stated in the complaint and the required conduct, the award of attorney fees will be left to the discretion of the court. Second, the amount of attorney fees must take into account the Aetna factors which include, inter alia, the results obtained by the attorneys and the time and labor involved, which are difficult to assess in advance of a trial.

Finally, it is the defendant's burden to demonstrate the existence of jurisdiction on removal. Where the complaint does not specifically set forth the amount of damages sought, as is the case

here, the defendants must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice. See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 737 (4th Cir. 2009) (unpublished) (Finding that amount in controversy is not shown when defendant "has put forth no evidence of its own to support [the claimed amount in controversy, but] rather, has only presented a conjectural argument"). The defendant fails to provide adequate competent evidence regarding potential attorney fees and its arguments are, therefore, insufficient to avoid remand. See McWha v. Otway, 5:06cv164, 2007 U.S. Dist. LEXIS 60246, at *2 (N.D. W. Va. Aug. 15, 2007). Because the potential attorney fees must amount to at least $20,000.00 to justify diversity jurisdiction, and the fees in this case are so unpredictable, this Court finds that the defendant has not met its burden of proving diversity jurisdiction.

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of

the Circuit Court of Ohio County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    July 19, 2013

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE